## SUPREME COURT.

PACIFIC MAIL STEAMSHIP COMPANY agt. THE MAYOR, &c.

*Taxes and assessments — bill in equity to restrain collection of, not the proper remedy —After judgment of court, in certiorari proceedings, declaring assessment valid, parties are estopped from any other proceedings to test its validity.*

The remedy by injunction to restrain the collection of an illegal or erroneous tax assessed to the owners of personal property, is not allowable unless the case stated falls within some of the recognized claims of equity jurisdiction.

The complaint must show, in order to be entertained in equity, that the action will prevent a multiplicity of actions, irreparable injury to the freehold, or that extrinsic evidence is required to establish the inviolability of the lien of the assessment.

When a tax is assessed as a personal charge against the party taxed or against his personal property, it is difficult to suggest any element of equitable jurisdiction. Presumptively, the remedy at law is adequate. If the tax is illegal and the party makes payment, he is entitled to recover back the amount. The case does not differ from any other case in which a party is compelled to pay an illegal demand. The illegality done affords no ground over equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as they only constitute an ordinary trespass.

Where, upon a motion to continue a temporary injunction to restrain the city officials from executing a warrant issued to collect the balance of a tax imposed upon the plaintiff for its personal property for 1874, it was claimed that the assessment roll was not verified by the oath of the deputy tax commissioners, nor of the tax commissioners, and that by reason of such omission the assessment of the plaintiff is illegal and void; it appeared that a writ of *certiorari* had been issued requiring the commissioners of taxes to certify and return all the assessment proceedings, with all depositions, assessment rolls, papers, documents, decisions, and all other things appertaining to said proceedings, and it also appeared that the return to said writ did or might have brought up all the proceedings for the assessment of plaintiff, for the consideration and judgment of the court reviewing such assessment proceedings, and that the judgment of the court of last resort in this state, and afterwards of the supreme court of the United States, was to the effect that the assessment in question was legal and the tax should be paid by plaintiffs:

*Held, first*, that a bill in equity to restrain the collection of the tax, is not the proper remedy.

*Second.* The defendants are estopped from resorting to it or any other remedy by reason of the judgment of the court declaring this identical assessment valid, and enforceable in *certiorari* proceedings to test its validity between the parties to this action.

*New York Chambers, August*, 1879.

Motion to continue a temporary injunction to restrain the city officials from executing a warrant issued to collect the balance of a tax imposed upon the company for its personal property for 1874.

*Cardozo & Newcombe*, for motion.

*William C. Whitney*, corporation counsel, opposed.

POTTER, *J.*— The gist of the complaint is, that the assessment roll was not verified by the oath of the deputy tax commissioners, nor of the tax commissioners, and that by reason of such omission the assessment of the plaintiff is illegal and void. The defendants do not, in their affidavits in opposition to the motion, assert, nor in their argument upon the motion contend, that the assessment roll was in fact verified by oath of either the deputy or the tax commissioners. The contention of the defendant is, that by existing statutes, no verification of the assessment roll by oath is required, and that if such oath was necessary a bill in equity to restrain its collection is not the proper remedy ; and if it were, the defendants are estopped from resorting to it or any other remedy by reason of the judgment of the court declaring this identical assessment valid and enforceable in *certiorari* proceedings to test its validity between the parties to this action. The conclusions I have reached in relation to the remedy and estoppel, will render a thorough examination of the statutes which were cited, and were commented upon with great learning and ability upon the argument, unnecessary. I have no occasion to examine the statutes further than to ascertain when the oath of verification (if any is required in the assessment proceedings) is to be made, for the purpose of determining whether plaintiff is estopped by the judgment in the *certiorari* proceedings. From the examination which I have made of the assessment statutes, I am satisfied that if the assessment roll is to be verified by the oath of any one, it is to be done by the deputy commissioners (who have taken the place of the former ward assessors), and that the assessment roll is to be completed and delivered by them on or before the first day of April in each year. The writ of *certiorari* was issued on the 1st day of July, 1874, and required the commissioners of taxes to certify and return all the assessment proceedings, with all depositions, assessment rolls, papers, documents, decisions and all other things appertaining to said proceedings. The commissioners in obedience to said writ, make a return

of their proceedings, and particularly that they completed the assessment rolls, and on the first Monday of July delivered them to the supervisors, and, among other things, particularly setting forth a copy of the entry on said books and said assessment roll affecting the plaintiffs, which return was dated January 7, 1875. From this statement it will appear that the return to the *certiorari* did, or might have, brought up all the proceedings for the assessment of plaintiff, certainly the assessment rolls, with or without oaths of verification, for the consideration and judgment of the court reviewing such assessment proceedings. The judgment of the court of last resort in this state, and afterwards of the supreme court of the United States, was to the effect that the assessment in question was legal, and the tax should be paid by plaintiff. That judgment remains in full force. It is a long and well established rule that the judgment of a court possessing competent jurisdiction is final, not only as to the subject-matter thereby actually determined, but as to any other matter which the parties might litigate in the cause, and which they might have had decided. There must be an end of litigation when the parties have, or might have had, a judicial determination of the subject of legal dispute. The judgment irrevocably establishes all matters questioned or questionable in the proceeding.

The entire proceeding of assessing the plaintiffs, with all its defects, irregularities or omissions (if any there were) was before the court for its judgment upon them; and the court gave its judgment that there were none such, and that the tax assessment was legal and valid in all respects. It may or may not have been the case, that the omission of the oath was the subject of discussion or contention between the parties hereto in the *certiorari* proceeding. The necessity of the oath may have been waived by them or it may not have occurred to them or their counsel upon the argument. The record and judgment do not afford information whether the omission of the oath was raised, or discussed, or waived, or was

specifically decided by the court. The consequence is the same, where it might have been, or where it was determined. That judgment established forever that the omitted oath is not essential to the validity of the assessment, and it can never again be called in question.

But if the plaintiff was not estopped from raising the question of the legality of the assessment, the form of the remedy chosen in this case cannot afford the relief sought. The general rule is that courts in equity cannot be resorted to for relief where there is an ample remedy at law. If an assessment is illegal or void, the party aggrieved had the legal remedies of a *certiorari* to review and correct the assessment or of a *mandamus* to compel the assessment to be stricken off, or an action to allow to recover any money paid or property seized to satisfy the tax. It is often and uniformly held by the courts that the remedy by injunction to restrain the collection of an illegal or erroneous tax assessed to the owner of personal property is not allowable unless the case stated falls within some of the recognized claims of equity jurisdiction. The complaint must show, in order to be entertained in equity, that the action will prevent a multiplicity of actions, irreparable injury to the freehold, or that extrinsic evidence is required to establish the inviolability of the lien of the assessment. It will be hardly pretended that the facts set forth in the complaint in this action make a case within either of those exceptional classes. There is no allegation or pretense in the complaint that any other action is likely to arise between the defendant and any other tax-payer on account of this assessment, or that any other tax-payer except the plaintiff has refused or failed to pay the tax. It is not alleged that there is any freehold to be affected, or that the tax is a lien upon any thing, or that extrinsic evidence is required to show its inviolability. Such allegations could not well be made, for the converse of those allegations is the truth. Indeed, such is the nature of an assessment upon a person for personal property that judge COOLEY, in his treatise on taxation, is

alleged to say, "When a tax is assessed as a personal charge against the party taxed or against his personal property, it is difficult to suggest any element of equitable jurisdiction. Presumptively, the remedy at law is adequate. If the tax is illegal and the party makes payment, he is entitled to recover back the amount. The case does not differ in this regard from any other case in which a party is compelled to pay an illegal demand. The illegality done affords no ground over equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as they only constitute an ordinary trespass. To this point the decisions are numerous." They are so well understood, that it cannot be necessary to refer to any more of them. The temporary injunction should be vacated and the motion for its continuance denied, with ten dollars cost of this motion.